UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN BEUKEMA,

       Plaintiff,                          Hon. Ellen S. Carmody

v.

                                         Case No. 1:14-cv-760

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On October 21, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #11). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 46 years of age on her alleged disability onset date. (Tr. 192). She successfully completed high school and worked previously as a medical coder, billing/research clerk, and a data entry clerk. (Tr. 56). Plaintiff applied for benefits on April 19, 2011, alleging that she had been disabled since December 29, 2010, due to depression, anxiety, carpal tunnel syndrome, osteoarthritis, and compression of the ulnar nerve in her left elbow. (Tr. 192-93, 229). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 111-91). On December 12, 2012, Plaintiff appeared before ALJ Donna Grit with testimony being presented by Plaintiff and a vocational expert. (Tr. 64-90). In a written decision dated February 1, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 44-57). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 7-11). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) bilateral epicondylitis, status post surgical repairs in September and November 2008; (2) surgery of the left elbow in March 2009; (3) carpal tunnel syndrome, status post right carpal tunnel release; (4) bilateral carpometacarpal arthritis, status post left carpal trapezium excision, left thumb tendon transfer and left flexor carpi radiallis tendon arthroplaasty; (5) degenerative changes of the lumbosacral spine, status post lumbar surgery; and (6) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 47-49).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can lift/carry 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday with normal breaks, Plaintiff can sit for 6 hours and stand/walk for 6 hours; (3) she can occasionally handle, finger, and feel with both hands; (4) she can frequently balance, stoop, kneel, crouch, and crawl; (5) she can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; (6) she must avoid concentrated exposure to extremes of cold, heat, dampness, and vibration; and (7) she cannot use power tools. (Tr. 49).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the

5

vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert at the administrative hearing.

The vocational expert testified that there existed approximately 14,000 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 85-88). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        Dr. Bell's Opinion**

On October 13, 2011, Dr. Verle Bell, Plaintiff's treating psychiatrist, completed several reports concerning Plaintiff's emotional impairments and the extent to which Plaintiff was limited by such. (Tr. 404-11). Dr. Bell reported that Plaintiff's ability to function was substantially impaired as a result of her depression and anxiety. The ALJ, however, afforded only "limited weight" to the doctor's opinions. (Tr. 54). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting Dr. Bell's opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long

history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v.*

*Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such.  *Id.* at 376.  In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors.  *Id.* (citing 20 C.F.R. § 404.1527).  While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment.  *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In discounting Dr. Bell's opinions, the ALJ offered several rationales none of which survive scrutiny.  First, the ALJ noted that Dr. Bell "does not believe [Plaintiff] is completely dysfunctional."  While this statement is accurate, it is also not inconsistent with the opinions in question.  The ALJ also concluded that Dr. Bell was not qualified to opine on Plaintiff's ability to perform activities of daily living.  While the treatment of physical ailments may not be Dr. Bell's primary occupation, the fact remains that he is a medical doctor and Plaintiff's treating psychiatrist.  The ALJ has failed to articulate any rationale for her conclusion that Dr. Bell is not qualified to comment on Plaintiff's ability to perform activities of daily living.  Finally, the ALJ dismisses Dr. Bell's opinion regarding Plaintiff's ability in the areas of (1) social functioning and (2) concentration,

persistence and pace on the ground that the doctor's treatment notes "never refer to social limitations." That the doctor did not refer in his treatment notes to this particular topic is only marginally relevant as medical professionals often render opinions about matters not addressed in detail in their contemporaneous treatment notes. While the doctor may not have addressed this particular topic in his treatment notes, such are not inconsistent with his conclusion that Plaintiff experiences limitations in these particular areas of functioning.

When an ALJ chooses to accord less than controlling weight to the opinion of a treating physician, she must adequately articulate her rationale for doing so and such rationale must be supported by substantial evidence. Moreover, failure to comply with this requirement is not subject to harmless error analysis. *See Wilson*, 378 F.3d 546-47. As the court expressly stated:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. . .To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546 (internal citations omitted).

The ALJ's decision to discount Dr. Bell's opinions is not supported by substantial evidence. In light of the fact that Dr. Bell's opinions are inconsistent with the ALJ's RFC determination, the ALJ's failure is not harmless. The ALJ's failure violates the principle articulated in *Wilson* necessitating remand.

**II.		The ALJ's RFC Determination**

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). Plaintiff argues that the ALJ's RFC fails to sufficiently account for her emotional impairments and limitations. The Court agrees.

While most of the medical record in this matter concerns Plaintiff's various physical ailments, there exists ample evidence that Plaintiff experiences depression and anxiety. Treatment notes dated January 24, 2011, indicate that Plaintiff was suffering from dysthymic disorder and was also experiencing "a lot of stress." (Tr. 412). Treatment notes dated June 15, 2011, indicate that Plaintiff was suffering from dysthymic disorder "which is severe and resistant to treatment." (Tr. 413). Dr. Bell further observed that Plaintiff "has got lots of anxiety"[2] and "is still way too depressed." (Tr. 413).

On October 13, 2011, Plaintiff rated her depression as 5-6/10 and her anxiety as 8-9/10. (Tr. 439). Dr. Bell reported that Plaintiff "has chronic ongoing depression which is fed by her chronic ongoing pain which makes her ongoing depression worse." (Tr. 440). The doctor further observed that Plaintiff is "irritable and anxious." (Tr. 440). On November 14, 2011, Plaintiff rated her depression as 6/10 and her anxiety as 8/10. (Tr. 441). Plaintiff also reported experiencing "short memory loss." (Tr. 441). Dr. Bell observed that Plaintiff "is okay, not real depressed, not real

---

[2] The doctor noted that Plaintiff "has been on Ativan for many years." (Tr. 413). Ativan is a benzodiazepine used to treat anxiety disorders. *See* Ativan, available at http://www.drugs.com/ativan.html (last visited on June 23, 2015). This indicates that Plaintiff has experienced anxiety for a significant period of time.

happy, sometimes irritable, sometimes sped up." (Tr. 442). On June 12, 2012, Plaintiff rated her depression as 7/10 and her anxiety as 7/10. (Tr. 443). Dr. Bell reported that "overall," Plaintiff was "doing okay." (Tr. 444). The Court also notes that the agency examiner in whom the ALJ placed "great weight" found that Plaintiff's suffered from "severe" emotional impairments.[3] (Tr. 120).

The ALJ concluded that Plaintiff's depression and anxiety were not severe and, therefore, did not include in her RFC determination any limitations concerning or resulting from depression or anxiety. A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

The ALJ's determination that Plaintiff's depression and anxiety are not severe impairments is not supported by substantial evidence. *See, e.g., Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (an impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and

---

[3] The ALJ inaccurately stated that this examiner found Plaintiff's mental impairments "are not severe." (Tr. 54).

experience"); *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

More significantly, the ALJ's decision not to include in her RFC determination any limitation concerning Plaintiff's depression and anxiety is not supported by substantial evidence. Again, while the evidence concerning these impairments may not be extensive such is more than sufficient to indicate that these particular impairments are severe and impose some measure of limitation on Plaintiff's ability to perform work activities. Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

### III.       Remand is Appropriate

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, there exist a significant number of jobs which Plaintiff could nevertheless perform. As discussed above, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved"

and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. The record fails to establish that Plaintiff is entitled, at this juncture, to an award of benefits. Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. Accordingly, the Commissioner's decision is reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date: July 1, 2015                                         /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge